IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT BONDICK,

        Plaintiff,                              Case. No. 6:20-cv-1884-MC

        v.                                    OPINION AND ORDER

EUGENE POLICE OFFICER: R. RIOS 346,

        Defendant.

_____

MCSHANE, Judge:

    *Pro se* plaintiff Robert Bondick filed a complaint without paying the filing fee or filing an application to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. As it appears clear the Court lacks jurisdiction, the Court dismisses the complaint rather than requesting Bondick file an application for leave to proceed IFP (at which time the Court would dismiss the complaint).

    District courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The party asserting jurisdiction bears the burden of establishing jurisdiction, and the presumption is that the district court lacks jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

    Bondick brings one negligence claim against Eugene Police Officer R. Rios. Following Plaintiff's arrest (by other officers), Plaintiff "was placed in the back of the police car of EPD

1 – OPINION AND ORDER

Officer. R. Rios 346. The plaintiff was in the car for approximately 45 minutes while banging his head against the back of the plexi glass back seat as seen in the patrol car video." Compl., 1, ECF No. 1. "Plaintiff requests compensation-negotiations from the E.P.D. for the injury due to the alleged negligence." *Id.* at 2. Plaintiff also filed a Federal Tort Claims Act (FTCA) notice with the Eugene Police Department. *Id.* at 1.

The Court interprets Plaintiff's complaint as bringing one claim of negligence under 28 U.S.C. § 1983. Liability under § 1983, however, "may not be premised upon negligence, but requires an intentional act." *Kunkel v. King Co.*, 2009 WL 542333 at *1-2 (W.D. Wa. 2009) (citing *Daniels v. Williams*, 474 U.S. 327, 238 (1986)). Plaintiff correctly notes the FTCA allows some claims for negligent acts of government officials. But although Plaintiff filed a notice under the FTCA, "the United States is the only proper party defendant in an FTCA action[.]" *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). As Officer Rios works for the Eugene Police Department, Plaintiff may not bring a FTCA action against him.

Because the Court lacks subject matter jurisdiction over Plaintiff's claim of negligence against a city employee, this action is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this 28th day of December, 2020.

                                                       _____/s/ Michael McShane_____
                                                         Michael McShane
                                            United States District Judge